UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                          18-cr-211 (PKC)

        -against-                                                  ORDER

CARLOS VARGAS, a/k/a CARLOS LOPEZ,

        Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Through counsel, defendant Carlos Vargas has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket # 14.) Vargas is incarcerated at the Metropolitan Detention Center ("MDC") and has a projected release date of January 28, 2021.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i). The Court has broad discretion and may consider all circumstances in combination or isolation. See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

Vargas submitted a request for early release to the Bureau of Prisons on May 21, 2020, which was denied in a written response from the Warden of the MDC on June 1, 2020. (Docket # 14-2.) Vargas filed this motion on September 14, 2020. (Docket # 14.) The government agrees that Vargas has administratively exhausted his claim. (Govt. Mem. at 2 n.1.) The motion states that if Vargas is released, he will reside with his mother in New York City. (Seidler Dec. ¶ 4.)

An attorney declaration states that Vargas suffers from high blood pressure, elevated cholesterol, psoriasis, chronic bronchitis, a broken jaw and a torn shoulder, and that the Covid-19 pandemic jeopardizes his health and safety. (Seidler Dec. ¶ 3.) The declaration does not annex Vargas's medical records, but the Court assumes the truth of counsel's description of Vargas's health. The Center for Disease Control identifies a person with hypertension or high blood pressure as one that "might be at an increased risk" if he or she contracted Covid-19; this is in contrast to certain conditions that do place a person at a higher risk.[1] Vargas is 43 years old. (Seidler Dec. ¶ 2.)

The attorney declaration notes the difficulty of containing the spread of the novel coronavirus in prison settings, including limitations on the ability to practice social distancing, limited hygiene practices and the role of asymptomatic spread. (Seidler Dec. ¶ 3.) The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit.

The government reported that, as of December 21, 2020, the MDC had 95 current positive cases of Covid-19 among inmates and 11 positive cases among staff members. (Govt.

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions

Mem. at 2.) But as of January 12, 2021, the Bureau of Prisons website reports 11 positive cases among MDC inmates and 13 positive cases among staff members.[2]

On March 12, 2018, Vargas was arraigned, waived indictment and pleaded guilty to a one-count information that charged him with conspiracy to distribute and possess with intent mixtures or substances containing heroin, cocaine, oxycodone and marijuana. (Docket # 3.) Under the advisory sentencing guidelines, Vargas had a total offense level of 34, was in criminal history category VI, and had an advisory guidelines range of 262 to 327 months. (Docket # 12.) On February 7, 2020, the Court sentenced Vargas to a below Guidelines sentence of principally 40 months of imprisonment and 10 years of supervised release. (Docket # 12.)

In an earlier federal criminal prosecution, Judge Marrero sentenced Vargas on December 14, 2012 to time served and five years of supervised release following his entry of a plea of guilty to participation to conspiracy to distribute and possession with intent to distribute heroin. United States v. Vargas, S1 10 Cr. 891 (VM). Vargas's current sentence also includes a term of 45-days' imprisonment for the violation of supervised release in that case, to be served consecutively to the 40-month sentence in 18 Cr. 211. See 10 Cr. 891, Docket # 169.

Taking full account of Vargas's health, the conditions at the MDC and the section 3553(a) factors, Vargas's motion will be denied. Vargas has completed the substantial majority of his current term of incarceration and has less than three weeks remaining. He was remanded into custody on March 12, 2018 and the Bureau of Prisons website states that his projected release date is January 28, 2021.[3] In denying Vargas's motion, the Court affords weight to the fact that the 40-month sentence is significantly below the advisory guidelines range of 262 to 327 months. The Court takes into account all of the section 3353(a) factors, including the

---

[2] See https://www.bop.gov/coronavirus/
[3] See https://www.bop.gov/inmateloc/

seriousness of the offense, the need for just punishment, and Vargas's history and characteristics. The Court also has considered Vargas's age, health and the conditions of the MDC. Vargas is age 43 and the CDC recognizes high blood pressure as a potentially presenting a severe risk if the individual is infected by Covid-19, but the other conditions cited in the motion are not associated with heightened risk. The motion does not elaborate on Vargas's high blood pressure, but, whether viewed in isolation or in combination with other relevant considerations, it does not constitute an extraordinary and compelling circumstance that warrants a reduction of his sentence. Taking all considerations both in isolation and in combination, the Court concludes that Vargas has not demonstrated an extraordinary and compelling reason to reduce his sentence.

Vargas's motion for motion for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED. The Clerk is directed to terminate the motion. (Docket # 14.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        January 12, 2021